24-1106 In Re. Ditech Holding Corporation Mr. Etter. Yes. Good afternoon, your honors. If it pleases the court, my name is Kevin Etter. I'm representing myself in this matter. Ultimately, what this case comes down to is a very complicated financial case, but essentially it comes down to a 2014 loan modification. statute violations on the part of the mortgage lender, and the harm caused both financially to me and also in the late filing in their bankruptcy. I'd like to focus more on the late filing for the two claims that were filed. One was timely, that was the administrative. The other was the general, which was deemed to be filed late. So I would like to explain the circumstances behind that. Ditech had filed bankruptcy on February 11th, 2019. That very same day, they transferred my mortgage to a separate servicer. However, under Florida law, it was an ineffectual transfer. Florida statute, which is 695.01, clearly states that no conveyance, transfer, or mortgage of real property shall be good and effectual in law or equity against creditors unless the same be recorded according to law. It is indisputable that the 2014 loan modification was not recorded with the state of Florida. It also violates numerous statutes within Florida law with regards to proper That's a merits question. That's not the timeliness question. The other interesting thing that happened was because this was improperly compiled, it was not recorded, thus ineffectual in law, Ditech on their assignment of mortgage are required by Florida law to fill out and record exactly what is being transferred to a new service. Instead of putting the 2014 loan modification that they instituted, they put a previous mortgage information that only the state of Florida recognized as effectual, but their 2014 nullified. So that was one false document that was presented. I was unaware of this. Then under law, they're also required to, within 30 days, to notify me of a service transfer. That did not happen. That deadline was not met. It was late. To make it appear that it was timely, Ditech then prepared a second assignment of mortgage to a different servicer, this time Fannie Mae, to a date that would make it appear as if they were complying with the 30-day notice of transfer that they're required to adhere to. Again, this is information that affected my knowledge of the bankruptcy. One is that I state and assert that the intention of doing this transfer of my mortgage on the very day of the bankruptcy was so that I would not be notified. Within the docket for their bankruptcy filing, there are three notices. I'm sorry, sir. You're really short on time. Can you just articulate in a very pointed way where you think the excusable neglect came from? So you had statute violations of the state of Florida and federal statutes by Ditech, which first didn't notify me properly of the bankruptcy as well as the assignment of mortgage, nor did it obscure the knowledge of a 2014 loan modification. Secondly, the new servicer, once they took over, they sent me a notification that they were now the servicer. I disputed the debt as afforded by law. They are required to respond to that. They never did. For four months up to the sale of my home, there was never a validation of the debt. And they couldn't validate it because by Florida law, they had assumed a mortgage that was ineffectual and could not be enforced by them. All this was done behind the scenes. I had no knowledge of it. When I was finally informed of Ditech's bankruptcy, which was late July, the general claim deadline had passed. The administrative claim deadline had not. So the administrative claim deadline would apply, or at least should be allowed, because there were subsequent statute violations after their filing of bankruptcy, which is what the information that I received from the court applied to the administrative claim. The general claim was late solely because of deliberate violations of Florida statutes and federal statutes by Ditech and the subsequent servicers. What I'd like to know is that it was concealed from you. The transcript was concealed from you. But the district court thought that because you were not a known creditor and didn't have a claim at the time, they didn't need to specifically inform you, but they could constructively inform you. Well, they didn't know that I should have been notified because Ditech got rid of my loan the very day of the bankruptcy. So as an email from them states, I was not on the books. That's why I did not receive notice. Constructive notice would have come through two newspapers that were not available in the area that I lived. Thus, even if my name had appeared there, there's no way that I would have been able to access that information in the first place. Okay. Thank you very much, Mr. Edder. The case is submitted.